UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GEORGE L. VONTRESS,<br><br>    Plaintiff,<br><br>  v.<br><br>JO GENTRY, *et al.*,<br><br>    Defendants. | Case No. 2:17-cv-01791-RFB-NJK<br><br>**ORDER** |

    Before the Court are Plaintiff's Motion for Preliminary Injunction / Temporary Restraining Order (ECF Nos. 17, 18) and Motion Requesting Copies (ECF No. 19). For the reasons stated below, the Court denies both motions.

**I.    PROCEDURAL BACKGROUND**

    Plaintiff filed the complaint on June 28, 2017. ECF No. 1. On September 16, 2018, the Court screened Plaintiff's complaint, dismissed all but one claim, and provided Plaintiff an opportunity to cure several deficiencies. ECF No. 8.

    In a hearing held on November 19, 2018 regarding another case brought by Plaintiff currently before this Court, Case Number 2:18-cv-01746, the Court found that Plaintiff was being deprived of legal records and ordered restoration of his legal materials by December 10, 2018. ECF No. 21.

    Plaintiff filed the instant motion on November 21, 2018. ECF Nos. 17, 18, 19. Plaintiff simultaneously filed an Amended Complaint, ECF No. 20, which this Court has not yet screened.

## II. FACTS ALLEGED

The Court summarizes the facts alleged in Plaintiff's Motion for Preliminary Injunction / Temporary Restraining Order. Plaintiff is an inmate in the custody of the Nevada Department of Corrections being held at the Saguaro Correctional Center in Eloy, Arizona. Plaintiff is currently pursuing two lawsuits pending before this Court. Plaintiff's legal records are being stored in a facility warehouse, where he cannot access them. Facility staff are denying Plaintiff access to the facility law library, prohibiting Plaintiff from obtaining assistance with legal matters from other inmates, and neglecting to provide anyone trained in law to assist Plaintiff with his legal matters. Plaintiff requests (1) the return of his legal files, (2) access to the general population law library for ten hours per week, and (3) permission to be accompanied to the law library by a specific inmate named in the motion.

## III. LEGAL STANDARD

The analysis for a temporary restraining order is "substantially identical" to that of a preliminary injunction. Stuhlbarg Intern. Sales Co, Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may also issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

**IV.    DISCUSSION**

The Court notes at the outset that it has already ordered the restoration of Plaintiff's legal materials. ECF No. 21. The Court therefore only considers Plaintiff's requests for access to the facility law library and for permission to be accompanied to the library by another inmate.

The Court finds that the requirements for issuing a preliminary injunction are not satisfied because Plaintiff has not alleged any irreparable harm. To justify a preliminary injunction by this Court before a decision on the merits, under either preliminary injunction test, Plaintiff must demonstrate that he faces a "significant threat of irreparable harm" in the absence of timely legal intervention. United States v. BNS Inc., 858 F.2d 456, 464 (9th Cir. 1988). Based on the facts alleged in the motion, the Court cannot determine if Plaintiff has filed an administrative grievance or if the denial of access to the law library is pursuant to a policy. Because Plaintiff has not explained what, if any, legal remedies are available to him and whether he has pursed them, the Court cannot find that existing legal remedies are inadequate at this time.

Additionally, Plaintiff fails to articulate a legal right to the copies of his motion requested at ECF No. 19. Plaintiff does not have a constitutional right to free photocopying. Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991) (per curiam).

**V.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Preliminary Injunction / Temporary Restraining Order (ECF Nos. 17, 18) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that Motion Requesting Copies (ECF No. 19) is DENIED with prejudice.

DATED this 4th day of December, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**