# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEORGE LESLIE VONTRESS,

        Plaintiff,

vs.

JO GENTRY, et al.,

        Defendants.

Case No.: 2:17-cv-1791-RFB-NJK

**ORDER SETTING INMATE EARLY MEDIATION CONFERENCE**

This case has been referred to the District Court's Inmate Early Mediation Program. The Court has appointed **J. MICHAEL MCGROARTY, ESQ.** as the mediator in this case. This mediator is an independent, neutral and impartial attorney who is trained in mediation and who will assist the parties in attempting to settle this case without further court action. The mediation conference will take place on **FRIDAY, SEPTEMBER 6, 2019,** to commence at **11:15 A.M.** in Room #3054 at the Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada. The defendants are not required to serve or file an answer or other response to plaintiff's complaint before the early mediation conference.

## I. AUTHORITY OF THE MEDIATOR

The mediator assigned to this case has the authority of the court to do the following:

### a. Conduct a Telephonic Conference

At any time prior to the date set for mediation, the mediator may contact the parties to arrange an informal telephone conference to discuss any issues concerning the mediation. In the case of an inmate plaintiff, the mediator may contact the Deputy Attorney General assigned to this case to arrange an informal telephonic conference among the parties. The telephonic conference is not required by the court and will only be scheduled at the mediator's request. The telephonic conference is confidential and will not be recorded or reported on the record and no transcript will be prepared.

### b. Request Additional Information

The mediator may request additional information and/or documents concerning the case at any time prior to or during the mediation.

## II. WHO MUST ATTEND THE MEDIATION CONFERENCE

### a. Plaintiff

The Plaintiff will appear and participate in the mediation conference through video conferencing. The Attorney General's Office will make the necessary arrangements for Plaintiff to appear by video conference and will provide **ARI CAYTUERO**, Courtroom Administrator, with the video conference reservation number and the telephone number at which the plaintiff can be reached at least two days prior to the early mediation conference. If the video conferencing equipment is not available at the correctional institution, the court may order the inmate to be transported to the court.

### b. Non-Inmate Individual Defendants

Any person who is a defendant and is not a current or former employee of the Nevada Department of Corrections must also attend the mediation conference in person, unless his or her presence is excused by the Court.

### c. Representatives of Defendant Agencies or Other Defendant Entities

Representatives of the Nevada Department of Corrections, who have the authority to settle this case, are required to attend the mediation conference. The Warden, Associate Warden, or other NDOC Administrator with settlement authority at the institution where plaintiff's claims arose shall be available to be contacted by telephone during the mediation, if requested by the mediator. If the deputy attorney general believes that the presence of a particular Nevada Department of Corrections representative would facilitate mediation, he or she may seek leave of court to direct that such person be present.

### d. Attorneys

All attorneys who will be participating in the trial of this case are also required to attend the mediation conference.

### e. Excused Attendance

All persons attending the mediation conference are required to be present for the entire conference. Any request to be excused from attending the mediation conference must be made in writing to the Court at least one week prior to the mediation conference. Such requests shall be filed with the Clerk of Court.

### f. Settlement Authority of Persons Attending Mediation Conference

The persons attending the mediation conference must have full authority to settle the case. If the defendant is a governmental agency, private company, corporation, partnership or similar entity, it must be represented at the early mediation conference by a person who has the full authority, subject to any legally required board approval, to settle the case on that defendant's behalf. If a defendant has insurance that may provide coverage for the claims in this case, then a representative of the insurance company with full settlement authority must also be present at the mediation conference.

### g. Sanctions for Failure to Attend Mediation Conference

If a party or its attorney fails to have the necessary person(s) with settlement authority physically present during the mediation conference, then the mediator may cancel the mediation conference. The mediator will promptly notify the Court of the reason for the cancellation and the Court may require the party or its attorney to pay the reasonable expenses of the other parties or the mediator caused by the cancellation. The Court may also impose additional sanctions on the party or its attorney if facts and circumstances justify such sanctions.

## III. PURPOSE OF THE MEDIATION

The purpose of the early mediation conference is to assist the parties in settling this case without the need for any further court action. The parties and the attorneys should be prepared to explain to the mediator the facts and legal issues involved in the case. The mediator will meet separately and confidentially with each party and his or her attorney to discuss the case and to obtain and present settlement offers or proposals. The discussions and negotiations that occur during the mediation conference are confidential. The judges assigned to this case will not be

informed by the mediator or by any party or attorney about what was discussed or what offers were made during the mediation conference. The parties should take full advantage of the settlement opportunity provided by the mediation conference. This requires that each party make a good faith effort to settle the case based on a fair and reasonable view of the facts and the law.

## IV. MEET AND CONFER REQUIREMENT

The Deputy Attorney General assigned to this case shall contact the plaintiff by telephone in advance of the mediation to meet and confer about the mediation process and settlement options. The Deputy Attorney General may decide, at his or her own discretion, to share the legal analysis portion of their mediation statement with the inmate.

Prior to the mediation, the Deputy Attorney General shall also conduct a meet and confer with the NDOC representative attending the mediation and the State Tort Claims Manager to discuss the allegations of this case. The Deputy Attorney General shall share the defendants' mediation statement with the NDOC Representative and the State Tort Claims Manager at the meet and confer.

## V. THE CONFIDENTIAL MEDIATION STATEMENT

Prior to the mediation conference, the plaintiff and defendant will send their confidential mediation statements for the mediator's review. The confidential mediation statement is intended to provide the mediator with necessary information to understand each party's position and to prepare for and properly conduct the mediation conference. The mediator will be better able to assist in settling the case if the parties' mediation statements provide accurate and straightforward information about the facts and legal issues in the case. <u>The mediation statement shall not be sent to the opposing party or his or her attorney</u>. However, the Deputy Attorney General, in his or her own discretion, has leave to share the legal analysis portion of the mediation statement with the inmate. The judges assigned to this case will not see or review the mediation statements. After the mediation has ended, these mediation statements will be shredded to ensure confidentiality.

Each party's confidential mediation statement is limited to seven (7) pages and should contain the following information:

1. A brief statement about the nature of the case;
2. A brief discussion of the key factual and legal issues involved in the case;
3. A discussion of the strongest points in your case and a frank discussion of the weakest points in your case as well;
4. You may also discuss the strongest and weakest points in your opponent's case, if this is more than simply stating the opposite of the strongest and weakest points in your case;
5. Describe any settlement offers or discussions that have already taken place. Include both the last settlement offer you made, and the last settlement offer that was made to you, and by whom it was made if there is more than one opposing party;
6. State the settlement that you believe would be fair to settle this case;
7. Also state the settlement that you would honestly be willing to accept in order to settle this case even if it less favorable to you than the settlement you believe is fair; and
8. You may attach to your statement documents or exhibits which are especially relevant to key factual or legal issues.

The mediation statement should be in an envelope clearly marked "Confidential, Contains Mediation Statement." The mediation statements must be received by the Clerk's Office to the attention of Magistrate Judge Koppe, Suite 1334, at the Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada, 89101, no later than 4:00 p.m., on **FRIDAY, SEPTEMBER 6, 2019**.

**THE CONFIDENTIAL MEDIATION STATEMENT IS FOR THE MEDIATOR ONLY. DO NOT FILE THE CONFIDENTIAL MEDIATION STATEMENT WITH THE DISTRICT COURT CLERK'S OFFICE AND DO NOT SEND A COPY OF IT TO THE OPPOSING PARTY OR HIS/ HER ATTORNEY.**

Attached to this Order is a statement that provides advice in preparing for the early mediation conference and a list of "Frequently Asked Questions" about the Inmate Early Mediation Program and how it works.

**IT IS SO ORDERED.**

**DATED**: July 26, 2019

_____
**UNITED STATES MAGISTRATE JUDGE**

# EARLY MEDIATION CONFERENCE PREPARATION

Experience shows that the party who is best prepared usually obtains the best result in settlement negotiations. Mediation conferences are more effective if all parties and their attorneys are prepared. To be effective in presenting your case and settlement position during the mediation, you should consider the following:

A. **INMATE MEDIATION EDUCATIONAL VIDEO**

The court has prepared a brief educational video explaining the inmate mediation process. Please make arrangements to view this video prior to the mediation conference. The video is played on a loop in the common areas and is also available in the law library. If you are not able to view the video in either of these areas, please send a kite to your caseworker requesting to view the video at your cell door.

B. **FORMAT OF MEDIATION CONFERENCE**

The mediator will meet separately and privately with each party to discuss the case and will speak directly with each party, even if the party is represented by an attorney. The mediator will not, however, meet with any party who is represented by an attorney outside the presence of his or her attorney.

C. **ISSUES**

1. What issues need to be settled? In some cases, this may include the issues that are not part of the claims in the lawsuit, but whose settlement could assist in settling the claims in the case. What are the strengths and weaknesses of your position on each issue? What is your best argument?

2. What remedy or remedies is the plaintiff seeking. Does he or she want an injunction, i.e., a change in conditions of imprisonment, money damages or both. What remedies is each party willing to offer or accept in order to settle this case?

3. Is there any other pending lawsuit or planned lawsuit that affects the settlement of this case?

4. Do you have enough information to place a value on the case? If not, how are you going to get more information before the mediation conference?

5. Do attorney's fees or other expenses affect settlement? Have you provided this information to the other side?

## D. NEGOTIATIONS

1. When did your last settlement discussions end? Are you sure?

2. Will discussions with the opposing party before the mediation conference make it more likely that a settlement will be made? If so, the parties are encouraged to contact each other and meet prior to the mediation conference.

3. What should be your starting value of your case? Be prepared to explain your assessment to the opposition.

4. Think about what a reasonable, realistic settlement would look like. Think about value from the opposition's point of view. Be prepared to discuss different viewpoints.

5. Is there confidential information which affects the case value? Why can't/won't/ shouldn't it be disclosed to the other party? How can the other party be persuaded to settle if it doesn't have this information?

6. What happens if you don't settle the case at the mediation? What is your best alternative to a negotiated settlement? Why? What might change the outcome of the settlement conference? Pending motions, discovery, expert's report, etc.

## E. CLOSING

1. If settlement is reached, there will be a recorded hearing of all parties in the courtroom in which the terms of the settlement will be announced by the mediator and each party will state their agreement to the terms of the settlement.

2. Have you considered the form of the settlement agreement?

3. How soon can checks/closing documents be received?

4. If settlement is not reached, and further discovery is needed, what is your plan for continuing settlement discussions? Do you want court involvement in these talks?

5. If settlement is not reached, be prepared to again discuss settlement with the opposing party as the case proceeds and each side gains more understanding about the case and the other side's position.

# Inmate Early Mediation Program
# Frequently Asked Questions

**1.     What is the purpose of the inmate early mediation program for Section 1983 cases?**

The goal of this program is to refer Section 1983 inmate cases to mediation before the parties begin discovery to determine whether the parties can work together to reach a reasonable resolution to their case.

**2.     What is mediation?**

Mediation is a form of alternative dispute resolution, which courts now use routinely as a tool to settle all types of cases in federal court.  Mediation begins with an explanation of the process and the ground rules.  All parties are given an opportunity to be heard about the issues in the case. The mediator's role is to help the parties define the issues.  Once the issues have been explored, the mediator looks for areas of common interest and helps the parties build options to settle the case.

**3.     Who are the mediators in this program and what does the mediator do?**

The mediator is a neutral party who has no stake in the outcome of the case.  The panel of mediators for this program are local lawyers who have received mediation training and who provide their services without any charge to the parties.

The mediator's goal is to create an environment in which the parties can honestly discuss the issues that need to be resolved.  The mediator does not make decisions for the parties, and instead, works with the parties to reach a settlement of the case.

**4.     Does the mediator report to the judge what happened in the mediation?**

No.  Neither the District Judge nor the Magistrate Judge assigned to your case reviews the confidential mediation statements or discusses with the mediator what occurred in the mediation. The only information the court receives is whether the case settled, and the mediator completes a form for the Clerk of Court reporting on the outcome of the mediation to keep statistics on the program.

**5.     What types of relief are available?  What types of relief are not available?**

Settlement may or may not include payment of money damages. A settlement gives the parties an opportunity to fashion different types of relief, including non-assessment of the filing fee, restoration of work credits, revision of disciplinary charges, or relief aimed at resolving the specific dispute alleged in the complaint.

Early parole, a pardon, commutation of your sentence, sentence reduction, goods from outside vendors, and specific requests for individual items from the canteen are not available forms of relief in mediation.

Plaintiffs must understand that each case is unique and the type of relief available will be considered on a case-by-case basis. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

**6. What happens if the parties reach a settlement in the case at the mediation?**

If the parties settle the case, the terms of the settlement will be placed on the court record, and the mediator presides over that process. The terms of the settlement are placed on the record, and the parties must state that they understand and agree to each settlement term. The settlement is binding at that time, even though the deputy attorney general will prepare a written settlement agreement for the parties to sign. Once the parties review and sign the settlement agreement, a stipulation is submitted to the court to end the case.

**7. What happens if the parties don't settle the case?**

The mediator will conclude the mediation by stating on the court record that the parties were unable to settle the case that day. If the case does not settle, there is no negative consequence to the parties. Mediation is simply an opportunity for the parties to meet and discuss how they might resolve the case. If there is no settlement, the case will proceed.

**8. Why do parties in litigation go to mediation, as opposed to a trial on the merits?**

Mediation is informal and the parties have an opportunity to be heard and to hear the opposing party's point of view. Without mediation, parties usually don't speak to one another except through attorneys and legal filings. Mediation also allows the parties who have ongoing relationships to preserve them by having a discussion rather than an adversarial proceeding.

Mediation also offers the parties more flexibility to settle their dispute. The parties can explore a variety of ways to resolve the case, and they have control over the outcome.

**9. Are there other benefits to mediation, even if the case does not settle?**

Early mediation allows the parties the opportunity to speak honestly with one another in an informal, confidential environment. Even if the case is not settled, the process can be very helpful to the parties in understanding their claims and defenses in the case, what discovery and motions might be necessary, and this may save the parties time and money. Sometimes parties realize that certain claims or defenses can be dismissed, and they are more efficient in litigating the case. In addition, early mediation opens the door for future settlement discussions as the case proceeds. The better informed the parties are about their case, the better prepared they will be in litigation and in exploring future options for settlement.