UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE L. VONTRESS,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br>JO GENTRY, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:17-cv-01791-RFB-NJK<br><br>**ORDER**<br><br>Motion to Dismiss (ECF No. 41) |

**I. INTRODUCTION**

Before the Court are Defendants Frank Dreesen ("Dreesen") and Rene Pena's ("Pena") Motion to Dismiss Plaintiff's First Amended Complaint. ECF No. 41.

**II. BACKGROUND**

Plaintiff filed the operative first amended complaint on November 21, 2018. ECF No. 20. On June 20, 2019, this Court issued a screening order that among other things, granted Plaintiff's Count IV, which alleged retaliation and conspiracy, to proceed against Defendants Gentry, Dreeson, and Pena. ECF No. 25 at 12. On November 18, 2019, Defendants Dreesen and Pena filed a motion to dismiss. ECF No. 41. On November 18, 2019, this Court issued a minute order notifying parties about federal and local filing deadlines in relation to Defendants' motion to dismiss (ECF No. 41). ECF No. 42.

**III. LEGAL STANDARD**

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and

are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

Local Rule 7.2 states that within 14 days from the date of service of a motion, the nonmoving party must file points and authorities in opposition. Failure to timely respond shall be adequate basis for granting the relief. Id. Pursuant to Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), a notice is given to parties in litigation to inform them about the requirements under Fed. R. Civ. P. 12(b)(6).

**IV. DISCUSSION**

Defendants argue that the Court should dismiss Vontress' First Amended Complaint (ECF No. 20) because it is duplicative of his complaint in another pending case before this Court: Vontress v. State of Nevada, et al. No. 2:18-CV-01746-RFB-PAL. ECF No. 41. Defendants state that in both cases, Plaintiff alleges that Gentry, Dreesen, and Pena conspired and retaliated against him, and the allegations arise out of the same nucleus of facts. Id. at 3.

The Court reviewed the two cases and finds that the complaint in this case and Vontress v. State of Nevada, et al., No. 2:18-CV-01746-RFB-PAL are duplicative. For example, in both cases, Plaintiff alleges that Pena, Gentry, and Dreesen conspired to retaliate against Plaintiff for filing grievances, and therefore falsified his medical records to transfer him away. ECF No. 20 at 25-27, ECF No. 41 at 32-33.

In addition, Plaintiffs failed to respond to Defendants' motion to dismiss. After Defendants' motion to dismiss was filed, parties were notified in a minute order that under federal and local rules, if the non-moving party failed to respond, it constitutes consent to the granting of the motion. ECF No. 42. 14 days have passed since Defendants filed its motion to dismiss on November 18, 2019. Plaintiff has not filed points and authorities in opposition to the motion, or otherwise responded to the Court's order.

**V. CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendants Dreesen and Pena's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 41) is GRANTED.

**IT IS FURTHER ORDERED** that this Court gives Plaintiff leave to amend facts in Vontress v. State of Nevada, et al., No. 2:18-CV-01746-RFB-PAL he believes are not adequately presented in that case.

DATED: October 19, 2020

_____
**RICHARD F. BOULWARE**
**UNITED STATES DISTRICT JUDGE**